Lee *v.* Decker.

of Dunlop *v.* Patterson, 5 *Cow.* 243, holding a different doctrine, has been overruled in Dunn *v.* People, 29 *N. Y.* 523.

These are the only important points in which the appellants claim that they have sustained injury. The case was eminently one of fact. The jury held the defendants to be in the wrong, and whether well founded or erroneous, their opinion upon a question of fact is conclusive.

The judgment should be affirmed.

All the judges concurred, except PORTER, J.

Judgment affirmed, with costs.

---

## LEE *v.* DECKER.

June, 1867.

Upon a contract liquidating a debt, and providing that the times of payment are to be arranged after the consummation of another contract by the debtor with a third person, the creditor may maintain an action for immediate payment, although no such other contract has been made, if it appear that defendant, on being requested to pay or give his notes, or make some arrangement, absolutely refused to do anything about it.

Alfred Lee, as assignee of one Shannon, sued Simon Decker, in the supreme court, to recover eight hundred dollars on the following contract:

" April 1, 1859.

" Settled all acc. up to this date, and found due S. Decker, $600 on the purchase of a house and lot, this day deeded to Hiram Decker for $1,400, leaving due to N. Shannon $800 from S. Decker, the said Decker to sell and have the full proceeds of said house and lot, and any demands that said Decker shall purchase against Shannon to be deducted from the $800 due Shannon from Decker. This arrangement is left so that it may be arranged as to payments after the consummation of a contract to be made with F. Bronson.

" N. SHANNON,
" SIMON DECKER."

The defense was, that the sale of the house and lot was to F. Bronson; that the conveyance to Hiram Decker was in trust, and void as against creditors. The main point insisted on was, that the making of the agreement as to payments was a condition precedent.

Upon a verdict for plaintiff, judgment was entered, and affirmed by the court, at general term, without assigning reasons; and defendant appealed.

*A. J. Parker,* for defendant, appellant;—That the making agreement as to payments was a condition precedent,—cited, Carson *v.* Monteiro, 2 *Johns.* 308; Stow *v.* Bradley, 8 *Id.* 96; Smith *v.* Briggs, 3 *Den.* 73; Grant *v.* Johnson, 5 *N. Y.* (1 *Seld.*) 247; *Story on Cont.* §§ 18, 26, 27; Ferris *v.* Purdy, 10 *Johns.* 359; Davis *v.* Talcott, 14 *Barb.* 611.

*F. Kernan,* for plaintiff, respondent.

BY THE COURT.—HUNT, J.—The contract of April 1, 1859, when reduced to writing, and signed by the parties, merged all previous contracts, understandings or expectations upon the subject. By that contract it was expressly agreed that Decker owed Shannon eight hundred dollars. The price of the house and lot was fixed at one thousand four hundred dollars; and six hundred dollars, found due to Decker, was deducted from tha amount of the purchase money, leaving the amount due to Shannon as above stated. There is no obscurity in the portion of the contract in which these stipulations are contained.

Shannon testified that Decker had bought the house of him, and had sold, or expected to sell it, to one Bronson; and the dates of the payments to be made to him (Shannon) were to be arranged after the contract with Bronson should be completed. Decker, on the other hand, testified that he had not purchased the house of Shannon, but that Bronson had purchased direct from Shannon, and that nothing was to be paid to Shannon until six hundred dollars had first been paid to him by Bronson. The testimony of Shannon is in accordance with the writing, and furnished a reasonable explanation of the meaning of the last clause thereof. That of Decker is in contradic-

tion of the plain terms of the writing, and, therefore, of no effect.

The defendant claims that, in any event, he cannot be compelled to pay until it appears, by proof, that a contract had been made with Bronson, and payments had matured under the same. This is answered by the uncontradicted evidence of Shannon, that he repeatedly called on the defendant, requesting him to pay the amount due, or to give his notes at long periods, or to make some arrangement, and that the defendant absolutely refused to pay, to make any arrangement, or to do anything whatever about it, at present, or in future. He refused to recognize the agreement, or to have anything to do with it. This repudiation justifies an immediate action for the recovery of the money admitted by the contract to be due at some time. Hanna *v.* Mills, 21 *Wend.* 90, 92, and cases there cited.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.